UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80269-CIV-HURLEY/HOPKINS

GLEN TROTTA,

        Plaintiff,

vs.

LIGHTHOUSE POINT
LAND COMPANY, et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION AS TO DEFENDANTS' BILL OF COSTS (DE 128)

THIS CAUSE comes before the Court upon an Order referring Defendants' Bill of Costs to the undersigned Magistrate Judge for a Report and Recommendation.  (DEs 128, 129).  This Court has before it Defendants' Bill of Costs (DE 128) and Appendix (DE 128-2).  The Plaintiff failed to file a memoranda in opposition to Defendants' Bill of Costs within the prescribed time limitation.[1]  The matter is now ripe for review.  For the reasons that follow, this Court **RECOMMENDS** that Defendants' Bill of Costs be **GRANTED IN PART**.  (DE 128).

### BACKGROUND

This is a civil action brought under the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1701 *et seq*. and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq*.  (DE 37, exh. A). On February 13, 2008, the District

---

[1] Rule 7.1.C of the Local Rules of the Southern District of Florida requires that parties file motions in opposition within ten days of service of the motion.  *See also* Fed. R. App. P. 39(d)(2) (requiring that objections to a bill of costs be filed within ten days after service of the bill of costs, unless the court extends the time).

Court denied Defendants' Motions for Summary Judgment and granted Plaintiff's Motion for Partial Summary Judgment. (DE 60). The Court entered a Second Amended Final Judgment in favor of Plaintiff on June 27, 2008. (DE 97).

Defendants appealed the entry of summary judgment. (DE 128-2, pgs. 9-10). On March 16, 2009 the Eleventh Circuit reversed the judgment of the District Court and remanded the matter, ordering the District Court to enter judgment for the Defendants. (DE 128-2, pg. 10). On May 27, 2009 Defendants filed the instant Bill of Costs and Appendix. (DEs 128, 128-2).

## **DISCUSSION**

As the prevailing party on appeal, Defendants seek an award of costs. (DE 128).

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court. *See* Fed. R. Civ. P. 54(d)(1) (2009); 28 U.S.C. § 1920. Moreover, when a party prevails on appeal, courts may tax costs on his opponent. *See* Fed. R. App. P. 39(a)(3) (2009). Statutory authorization for taxation of costs on appeal is found in Rule 39 of the Federal Rules of Appellate Procedure. *See Robinson v. Kimbrough*, 652 F.2d 458, 463 (5th Cir. Aug. 1981) (noting that Rule 39 is the "statutory authority for the order on costs"). However, courts may only tax those costs which are permitted by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987)). Rule 39 provides in relevant part:

> (a) Against Whom Assessed. The following rules apply unless the law provides or the court orders otherwise:
> ****
> (3) if a judgment is reversed, costs are taxed against the appellee;
> ****
> (c) Cost of Copies. Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or

>copies of records authorized by Rule 30(f).  The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.
>
> ****
>
>(e) Costs on Appeal Taxable in the District Court.  The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>>(1) the preparation and transmission of the record;
>>(2) the reporter's transcript, if needed to determine the appeal;
>>(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
>>(4) the fee for filing notice of appeal.

Fed. R. App. P. 39 (a)(3), (c), (e) (2009).

**<u>Fees of the Clerk</u>**

Defendants first seek to recover four hundred fifty-five dollars ($455.00) paid to the Clerk of Court.  (DE 128, pg. 1; DE 128-2, pgs.1-2).  Fees paid to the Clerk of Court may be taxed.  *See* Fed. R. App. P. 39(e)(4); *Robinson*, 652 F.2d at 463 n.7 (noting that "Rule 39 permits the taxation of the usual costs of an appeal such as the expenses of docketing an appeal or preparing and filing briefs and records.").  In light of Plaintiff's failure to respond to Defendants' Bill of Costs, this Court **RECOMMENDS** that the District Court award Defendants the four hundred fifty-five dollars ($455.00) requested.  (DE 128).  *See Robinson*, 652 F.2d at 463 n*. 7. See also EEOC,* 213 F.3d at 621 (finding that the district court did not abuse its discretion by taxing unchallenged costs).

**<u>Court Reporter Fees</u>**

Defendants next seek to recover five hundred fifty-four dollars and thirty cents ($554.30) in court reporter fees for transcripts obtained for purposes of appeal.  (DE 128-2, pgs. 3-5).

Pursuant to Fed. R. App. P. 39(e)(2), the District Court may tax as costs fees for transcripts needed to determine the appeal. *See Robinson*, 652 F.2d at 463 n.7. *See also Olympia Exp., Inc. v. Linee Aeree Italiane S.P.A.*, No. 02 C 2858, 2008 WL 744231, *3 (N.D. Ill. Mar. 19, 2008) (finding one copy of a transcript to be "necessary for the appeal.")

A review of Defendants' invoices indicates that on or about December 31, 2007, Defendants paid three hundred fifty-four dollars and thirty cents ($354.30) to Esquire Deposition Services for the following services: (i) two hundred eighty-five dollars and twenty cents ($285.20) for services provided on 12/13/07 by Robin L. Miller; (ii) thirty-four dollars and ten cents ($34.10) for scanning of exhibits/tabs; (iii) twenty-five dollars ($25.00) for a CD ROM/ Mini Transcript; and (iv) ten dollars ($10.00) for courier service. (DE 128-2, pg. 3)  On or about March 19, 2008, Defendants paid Pauline Stipes two hundred dollars ($200.00) for a transcript of the hearing on the parties' motions for summary judgment, which occurred on January 17, 2008. (DE 128-2, pgs. 4-5).

Costs incurred in connection with obtaining transcripts for purposes of appeal from Esquire Deposition Services and Pauline Stipes total four hundred eighty-five dollars and twenty cents ($485.20). (DE 128-2, pgs. 3-5).  Pursuant to Rule 39(e)(2), this Court **RECOMMENDS** that the District Court award Defendants a total of four hundred eighty-five dollars and twenty cents ($485.20). (DE 128). *See Robinson*, 652 F.2d at 463 n. 7. *See also EEOC,* 213 F.3d at 621.

However, costs incurred in connection with scanning of exhibits, mini transcripts, and courier service total sixty-nine dollars and ten cents ($69.10). (DE 128-2, pg. 3).

Most district courts have found that such costs are not taxable under 28 U.S.C. § 1920. *See Feinshreiber v. United States,* No. 01-3628-Civ, 2002 WL 31084156, *2 (S.D. Fla. Aug. 12, 2002) (denying a request for costs of a mini transcript and rush delivery service, finding that they were incurred solely for convenience of counsel) (*citing Price v. United Techs. Corp.,* Case No. 99-8152, 2001 WL 36085163 (S.D. Fla. Nov. 16, 2000); *Scallet v. Rosenblum,* 176 F.R.D. 522, 527 (W.D. Va. 1997)).  In light of *Feinshreiber*, this Court **RECOMMENDS** that the District Court **DENY** Defendants' motion to tax such costs.

**Costs as Shown on Mandate of Court of Appeals**

Defendants next seek to recover five hundred five dollars and twenty cents ($505.20) for costs as shown on the Mandate from the Eleventh Circuit.  (DE 128 pg. 1). According to Defendants' submissions, at the conclusion of the appeal, the Eleventh Circuit taxed costs against Glenn Trotta, Plaintiff herein, and in favor of Defendants, in the amount of five hundred five dollars and twenty cents ($505.20), as follows: (i) sixty-three dollars and forty-five cents ($63.45) for nine (9) copies of Appellants' Brief; (ii) one hundred eighty-seven dollars and ninety-five cents ($187.95) for seven (7) copies of record excerpts; (iii) two hundred five dollars and twenty cents ($205.20) for nine (9) copies of Appellants' Appendix; and (iv) forty-eight dollars and sixty cents ($48.60) for nine (9) copies of Appellants' Answer Brief.  (DE 128-2, pg. 11).

The costs of producing necessary copies of the brief or appendix are properly taxable by the District Court.  *See* Fed. R. App. P. 39 (c), (e)(1). *See also Robinson*, 652 F.2d at 463 n.7.  Eleventh Circuit Rule 39-1 permits the Clerk to tax costs for

reproduction and binding pursuant to Fed. R. App. P. 39(c) "at rates not higher than those determined by the clerk . . . by reference to the rates generally charged for the most economical methods of printing or reproduction and binding in the principal cities of the circuit . . . ." 11th Cir. R. 39-1 (2009). All copies were made at the rate of fifteen cents ($.15) per page. (DE 128-2, pg.11). Courts have held that fifteen cents per page is a reasonable cost of copying in the Southern District of Florida. *See Morris v. Arizona Beverage Co., L.L.C.,* No. 03-60907 CIV, 2005 WL 5544955, *3 (S.D. Fla. Feb. 3, 2005) (holding that fifteen cents per page is "certainly reasonable") (*citation omitted*).

Based on the foregoing, this Court **RECOMMENDS** that the District Court award Defendants the total amount sought for costs on Mandate from the Eleventh Circuit, five hundred five dollars and twenty cents ($505.20). (DE 128). *See Robinson*, 652 F.2d at 463 n. 7. *See also EEOC,* 213 F.3d at 621.

**Other Costs**

Finally, Defendants seek to recover eleven thousand, eight hundred four dollars and eighty-eight cents ($11,804.88) in connection with premiums paid for bond on appeal. (DE 128, pg. 1). According to Defendants' invoices, Defendants paid (i) eleven thousand, two hundred seventy-two dollars ($11,272.00) for a premium on the bond; (ii) four hundred twenty dollars and sixteen cents ($420.16) for an endorsement charge and surcharge; and, (iii) one hundred twelve dollars and seventy-two cents ($112.72) for a "Florida Surcharge." (DE 128-2, pgs. 12-14).

The cost of the bond is properly taxed by the District Court. *See* Fed. R. App. P. 39(e)(3).

In light of Plaintiff's failure to object, this Court **RECOMMENDS** that the District Court award Defendants a total of eleven thousand, eight hundred four dollars and eighty-eight cents ($11,804.88) in connection with premiums paid for bond on appeal.  (DE 128).  *See Robinson*, 652 F.2d at 463 n.7. *See also EEOC,* 213 F.3d at 621.

In conclusion, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Defendants' Bill of Costs, and award Defendants costs as follows:

Fees of the Clerk: $ 455.00

Court Reporter Fees: $ 485.20

Costs as Shown on Mandate of Court of Appeals:$ 505.20

Other Costs: $ 11,804.88

**Total Recommended Award of Costs**: $ 13,250.28.

### RECOMMENDATION TO THE DISTRICT COURT

For the reasons stated above, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Defendants' Bill of Costs. (DE 128).

### NOTICE OF RIGHT TO OBJECT

_____A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T.K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure

to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers this 21 day of August, 2009, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
 JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T.K. Hurley, Senior United States District Court Judge for the Southern District of Florida
Counsel of Record